## IN THE IOWA DISTRICT COURT FOR BUENA VISTA COUNTY

| | | |
|---|---|---|
| **JEREMY HERNANDEZ MANRIQUEZ by** | : | NO. _____ |
| **his Next Friend and Mother GUADALUPE** | | |
| **MANRIQUEZ, GUADALUPE MANRIQUEZ** | : | |
| **Individually and GERARDO HERNANDEZ** | | |
| **RIVERA** | : | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | : | |
| | | |
| **ROBERT ROY GRANT, M.D. and** | : | **PETITION AT LAW AND** |
| **MICHAEL ANDREW DEHNER, M.D.** | | **JURY DEMAND** |
| | : | |
| **Defendants.** | | |

COMES NOW the Plaintiffs, Jeremy Hernandez Manriquez by his Next Friend and

Mother Guadalupe Manriquez, Guadalupe Manriquez Individually and Gerardo Hernandez

Rivera, and for their cause of action state:

### PARTIES

1.    Jeremy Hernandez Manriquez, a minor, is a resident of Storm Lake, Buena Vista

County, Iowa.

2.    Guadalupe Manriquez is the natural mother of Jeremy Hernandez Manriquez and

is a resident of Storm Lake, Buena Vista County, Iowa.

3.    Gerardo Hernandez Rivera is the natural father of Jeremy Hernandez Manriquez

and is a resident of Storm Lake, Buena Vista County, Iowa.

1

4.    Robert Roy Grant, M.D. is a medical doctor, licensed to practice medicine in the State of Iowa, and holds himself out to the public as a competent practitioner of family medicine and is a resident of Storm Lake, Buena Vista County, Iowa.

5.    Michael Andrew Dehner, M.D. is a medical doctor licensed to practice medicine in the State of Iowa, and holds himself out to the public as a competent practitioner of family medicine and is a resident of Storm Lake, Buena Vista County, Iowa.

6.    Venue is appropriate in Buena Vista County, Iowa pursuant to Iowa Code Section 616.18 in that the negligent acts occurred in this county and upon information and belief the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, are residents of Buena Vista County, Iowa.

## FACTS

7.    Jeremy Hernandez Manriquez was born on May 7, 2012.

8.    Jeremy Hernandez Manriquez was initially evaluated and cared for in the hospital following his birth by Defendant Robert Roy Grant, M.D.

9.    Defendant Robert Roy Grant, M.D. saw Jeremy Hernandez Manriquez, on at least one occasion, for well-baby checkups.

10.    Defendant Robert Roy Grant, M.D. failed to measure Jeremy Hernandez Manriquez's head.

11.    Had Defendant Robert Roy Grant, M.D. measured Jeremy Hernandez Manriquez's head it would have been evident that Jeremy Hernandez Manriquez was macrocephalic.

12.    On more than one occasion Guadalupe Manriquez, the mother of Jeremy Hernandez Manriquez, reported to Defendant Robert Roy Grant, M.D. that she had concerns

2

regarding the size of her son, Jeremy Hernandez Manriquez's head.

13.     Guadalupe Manriquez also took her son Jeremy Hernandez Manriquez to be evaluated by the Defendant Michael Andrew Dehner, M.D.

14.     Guadalupe Manriquez expressed concerns to Defendant Michael Andrew Dehner, M.D. regarding the size of her son Jeremy Hernandez Manriquez's head.

15.     Defendant Michael Andrew Dehner, M.D. failed to measure Jeremy Hernandez Manriquez's head and if he would have done so it would have been evident that Jeremy Hernandez Manriquez was macrocephalic.

16.     On August 2, 2012, while being evaluated by a nurse practitioner, Jeremy Hernandez Manriquez was diagnosed with a macrocephalic head.

17.     Jeremy Hernandez Manriquez's care was transferred to other physicians and on August 6, 2012 Jeremy Hernandez Manriquez underwent neuro surgery for hydrocephalus and had a shunt placed.

18.     Jeremy Hernandez Manriquez has been diagnosed with cerebral palsy, developmental delays, and other injuries associated with hydrocephalus.

19.     Because of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of their failure to recognize the signs of a macrocephalic infant and to properly monitor, treat and refer Jeremy Hernandez Manriquez, Jeremy Hernandez Manriquez and his parents have been damaged.

## NEGLIGENCE

20.     Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, owed a duty to Jeremy Hernandez Manriquez, Guadalupe Manriquez and Gerardo

3

Hernandez Rivera to exercise that degree of reasonable care and skill exercised by like health care professionals and physicians in good standing under the same or similar circumstances.

21.     The Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, were negligent, and deviated from the generally accepted standard of medical care in one or more of the following particulars:

      a.   Failing to properly manage Guadalupe Manriquez during her prenatal period and to diagnose her fetus as being macrocephalic and/or hydrocephalic;

      b.   Failing to recognize, after birth, that Jeremy Hernandez Manriquez was macrocephalic;

      c.   Failing to measure Jeremy Hernandez Manriquez's head to determine whether or not he was macrocephalic;

      d.   Failure to refer Jeremy Hernandez Manriquez to a specialist to treat his macrocephalic condition;  and

      e.   Failure to use ordinary care;

22.     The negligence of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, was a proximate cause of the injuries sustained by Jeremy Hernandez Manriquez.

23.     As a result of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, negligence and untimely diagnosis of a macrocephalic condition,  Jeremy Hernandez Manriquez has been damaged and suffers from cerebral palsy, seizures, and has in the past and will in the future suffer loss of function, mental and physical pain and suffering, inability to lead a normal life, loss of enjoyment of life, loss of income, loss of earning capacity and has in the past and will in the future be caused to incur expenses for

doctors, nursing, hospitalization, physical therapy, drugs, medication and other treatment for his injuries.

24.     Jeremy Hernandez Manriquez has been damaged in excess of the small claims jurisdictional amount.

WHEREFORE Plaintiff Jeremy Hernandez Manriquez by and through his Next Friend and Mother Guadalupe Manriquez prays for judgments against the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, for such sums as will fully and fairly compensate him for his damages along with the interest thereon allowed by law and for the costs of this action.

## LOSS OF CONSORTIUM

COMES NOW the Plaintiff Guadalupe Manriquez and for her cause of action states:

25.     Plaintiff Guadalupe Manriquez re-pleads paragraphs 1 through 24 as if fully pled herein:

26.     Plaintiff Guadalupe Manriquez is the mother of Plaintiff Jeremy Hernandez Manriquez.

27.     As a direct and proximate cause result of the negligence of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and the injuries to her son Jeremy Hernandez Manriquez, Guadalupe Manriquez has suffered a loss of consortium of her son Jeremy Hernandez Manriquez.

28.     Plaintiff Guadalupe Manriquez has been damaged by the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and is entitled to damages enumerated by the Code of Iowa and the Iowa Rules of Civil Procedure in such sums as will fully and fairly compensate her for her damages as permitted by law.

5

WHEREFORE Plaintiff Guadalupe Manriquez prays for judgments against the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, for such sums as will fully and fairly compensate her for her damages together with the interest thereon as allowed by law and for the costs of this action.

COMES NOW the Plaintiff Gerardo Hernandez Rivera and for his cause of action states:

29.     Plaintiff Gerardo Hernandez Rivera re-pleads paragraphs 1 through 24 as if fully pled herein:

30.     Plaintiff Gerardo Hernandez Rivera is the father of Plaintiff Jeremy Hernandez Manriquez.

31.     As a direct and proximate cause result of the negligence of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and the injuries to his son Jeremy Hernandez Manriquez, Gerardo Hernandez Rivera has suffered a loss of consortium of his son Jeremy Hernandez Manriquez.

32.     Plaintiff Gerardo Hernandez Rivera has been damaged by the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and is entitled to damages enumerated by the Code of Iowa and the Iowa Rules of Civil Procedure in such sums as will fully and fairly compensate him for his damages as permitted by law.

WHEREFORE Plaintiff Gerardo Hernandez Rivera prays for judgments against the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, for such sums as will fully and fairly compensate him for his damages together with the interest thereon as allowed by law and for the costs of this action.

6

## JURY DEMAND

Plaintiffs, Jeremy Hernandez Manriquez by his Next Friend and Mother Guadalupe Manriquez, Guadalupe Manriquez Individually and Gerardo Hernandez Rivera, hereby demand a trial by jury.

FREDERICK W. JAMES        AT0003925

THE JAMES LAW FIRM, P.C.
2600 Grand Avenue, Suite 213
Des Moines, IA 50312
Telephone: (515) 246-8484
Facsimile: (515) 246-8767
E-mail: frederick@jameslawfirm.com

7

# BUENA VISTA COUNTY SHERIFF'S OFFICE
## Return of Service

### IN THE IOWA DISTRICT COURT IN AND FOR BUENA VISTA COUNTY

| | |
|---|---|
| JEREMY HERNANDEZ MANRIQUEZ BY HIS NEXT FRIEND AND MOTHER GUADALUPE MANRIQUES; GUADALUPE MANRIQUEZ INDIVIDUALLY AND GERARDO HERNANDEZ RIVERA VS ROBERT TOY GRANDT MD AND MICHAEL ANDREW DEHNER MD | Case Number: LACV029319<br>Civil Number: 14-042169<br>Date Received: 10/01/2014 @ 14:23 |

**STATE OF IOWA**
**BUENA VISTA COUNTY** }

**Type of Service Codes**
1. Personal
2. Dwelling/Substitute
3. Hotel, Boarding House
4. Corporation/Association
5. Official
6. Spouse away from residence
7. Other
8. Diligent search

**ORIGINAL NOTICE**
**PETITION AT LAW AND JURY DEMAND**

| Served: | Address | Date/Time | Type |
|---|---|---|---|
| DEHNER,MICHAEL ANDREW MD | at 393 Hwy Alta | on 10/1/14 1815 | 2 |
| | at | on | |
| | at | on | |

Check the appropriate box(s) below:

☐ By serving substitute on Ellen Ellen Dehner (Wife)
   Who is (check one below):
   ☐ A person residing therein who is at least 18 years old (house)
   ☑ A family member residing therein (apartment/hotel)
   ☐ Spouse away from residence
   ☐ Manager, clerk, proprietor or custodian of an apartment, hotel, club or rooming house
   ☐ (Circle the appropriate title and place)
   ☐ Parent, grardian or person in care of the person.

☐ Company/Government by serving (name) _____ who is the (title) _____
☐ Other service type _____
   Requesting party: _____

Service Fees: 15.00
Mileage: 6.78
Copies: .50     Paid By: _____
Other Fees: _____     Date: _____
Total: 22.28     Check #: _____

DOUGLAS SIMONS, SHERIFF
BUENA VISTA COUNTY

By: _Stacey Smith_ 11-3

**Exhibit A**

# BUENA VISTA COUNTY SHERIFF'S OFFICE

## Return of Service

### IN THE IOWA DISTRICT COURT IN AND FOR BUENA VISTA COUNTY

| | |
|---|---|
| JEREMY HERNANDEZ MANRIQUEZ BY HIS NEXT FRIEND AND MOTHER GUADALUPE MANRIQUES; GUADALUPE MANRIQUEZ INDIVIDUALLY AND GERARDO HERNANDEZ RIVERA VS ROBERT TOY GRANDT MD AND MICHAEL ANDREW DEHNER MD | Case Number: **LACV029319** <br> Civil Number: **14-042169** <br> Date Received: **10/01/2014 @ 14:23** |

**STATE OF IOWA**
**BUENA VISTA COUNTY** }

| Type of Service Codes | |
|---|---|
| 1. Personal | 5. Official |
| 2. Dwelling/Substitute | 6. Spouse away from residence |
| 3. Hotel, Boarding House | 7. Other |
| 4. Corporation/Association | 8. Diligent search |

**ORIGINAL NOTICE**
**PETITION AT LAW AND JURY DEMAND**

| Served: | Address | Date/Time | Type |
|---|---|---|---|
| GRANT,ROBERT ROY MD | at *620 Northwestern St. L.* | on *10/7/14 @230* | *4* |
| | at | on | |
| | at | on | |

Check the appropriate box(s) below:

☑ By serving substitute on *Marcy Brasec (nurse)*

Who is (check one below):
- ☐ A person residing therein who is at least 18 years old (house)
- ☐ A family member residing therein (apartment/hotel)
- ☐ Spouse away from residence
- ☐ Manager, clerk, proprietor or custodian of an apartment, hotel, club or rooming house
- ☐ (Circle the appropriate title and place)
- ☐ Parent, grardian or person in care of the person.

☐ Company/Government by serving (name) _____ who is the (title) _____

☐ Other service type _____

Requesting party: _____

| | |
|---|---|
| Service Fees: *15,00* | DOUGLAS SIMONS, SHERIFF |
| Mileage: *2.00* | BUENA VISTA COUNTY |
| Copies: *1.50*    Paid By: _____ | |
| Other Fees: _____    Date: _____ | |
| Total: *17,50*    Check #: _____ | By: *Stacey Smith 11-13* |

**Exhibit A**

**Page 9 of 34**

IN THE IOWA DISTRICT COURT IN AND FOR BUENA VISTA COUNTY

| | | |
|---|---|---|
| JEREMY HERNANDEZ MANRIQUEZ by his Next Friend and Mother GUADALUPE MANRIQUEZ,GUADALUPE MANRIQUEZ, Individually and GERARDO HERNANDEZ RIVERA, | : : : | Law No. LACV029319 |
| Plaintiffs, | : | |
| v. | : | **SEPARATE ANSWER, AFFIRMATIVE DEFENSES AND** |
| ROBERT ROY GRANT, M.D. and MICHAEL ANDREW DEHNER,M.D. | : : | **JURY DEMAND OF DEFENDANT, ROBERT ROY GRANT, M.D.** |
| Defendants. | | |

**COMES NOW** the Defendant, Robert Roy Grant, M.D., and for his Separate Answer to the Petition at Law and Jury Demand, states:

### PARTIES

1.     Jeremy Hernandez Manriquez, a minor, is a resident of Storm Lake, Buena Vista County, Iowa.

   **RESPONSE**:   This Defendant denies Paragraph 1 for lack of information sufficient to form an opinion or belief.

2.     Guadalupe Manriquez is the natural mother of Jeremy Hernandez Manriquez and is a resident of Storm Lake, Buena Vista County, Iowa.

   **RESPONSE**:   This Defendant denies Paragraph 2 for lack of information sufficient to form an opinion or belief.

3.     Gerardo Hernandez Rivera is the natural father of Jeremy Hernandez Manriquez and is a resident of Storm Lake, Buena Vista County, Iowa.

   **RESPONSE**:  This Defendant denies Paragraph 3 for lack of information sufficient to form an opinion or belief.

1

4.      Robert Roy Grant, M.D. is a medical doctor, licensed to practice medicine in the State of Iowa, and holds himself out to the public as a competent practitioner of family medicine and is a resident of Storm Lake, Buena Vista County, Iowa.

   RESPONSE:  This Defendant admits Paragraph 4.

5.      Michael Andrew Dehner, M.D. is a medical doctor licensed to practice medicine in the State of Iowa, and holds himself out to the public as a competent practitioner of family medicine and is a resident of Storm Lake, Buena Vista County, Iowa.

   RESPONSE:  This Defendant denies Paragraph 5 for lack of information sufficient to form an opinion or belief.

6.      Venue is appropriate in Buena Vista County, Iowa pursuant to Iowa Code Section 616.18 in that the negligent acts occurred in this county and upon information and belief the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, are residents of Buena Vista County, Iowa.

   RESPONSE:  That this Defendant admits that venue is appropriate in Buena Vista County, Iowa pursuant to Iowa Code Section 616.18.  This Defendant denies the balance of Paragraph 6.

### FACTS

7.    Jeremy Hernandez Manriquez was born on May 7, 2012.

   RESPONSE:  That this Defendant denies Paragraph 7 for lack of information sufficient to form an opinion or belief.

8.    Jeremy Hernandez Manriquez was initially evaluated and cared for in the hospital following his birth by Defendant Robert Roy Grant, M.D.

   RESPONSE:  That this Defendant denies Paragraph 8 for lack of information sufficient to form an opinion or belief.

2

9.     Defendant Robert Roy Grant, M.D. saw Jeremy Hernandez Manriquez, on at least one occasion, for well-baby checkups.

    **RESPONSE**:  That this Defendant denies Paragraph 9 for lack of information sufficient to form an opinion or belief.

10.     Defendant Robert Roy Grant, M.D. failed to measure Jeremy Hernandez Manriquez's head.

    **RESPONSE**:  That this Defendant denies Paragraph 10 for lack of information sufficient to form an opinion or belief.

11.     Had Defendant Robert Roy Grant, M.D. measured Jeremy Hernandez Manriquez's head it would have been evident that Jeremy Hernandez Manriquez was macrocephalic.

    **RESPONSE**:  That this Defendant denies Paragraph 11 for lack of information sufficient to form an opinion or belief.

12.     On more than one occasion Guadalupe Manriquez, the mother of Jeremy Hernandez Manriquez, reported to Defendant Robert Roy Grant, M.D. that she had concerns regarding the size of her son, Jeremy Hernandez Manriquez's head.

    **RESPONSE**:  That this Defendant denies Paragraph 12 for lack of information sufficient to form an opinion or belief.

13.     Guadalupe Manriquez also took her son Jeremy Hernandez Manriquez to be evaluated by the Defendant Michael Andrew Dehner, M.D.

    **RESPONSE**:  That this Defendant denies Paragraph 13 for lack of information sufficient to form an opinion or belief.

3

14.     Guadalupe Manriquez expressed concerns to Defendant Michael Andrew Dehner, M.D. regarding the size of her son Jeremy Hernandez Manriquez's head.

RESPONSE:  That this Defendant denies Paragraph 14 for lack of information sufficient to form an opinion or belief.

15.     Defendant Michael Andrew Dehner, M.D. failed to measure Jeremy Hernandez Manriquez's head and if he would have done so it would have been evident that Jeremy Hernandez Manriquez was macrocephalic.

RESPONSE:  That this Defendant denies Paragraph 15 for lack of information sufficient to form an opinion or belief.

16.     On August 2, 2012, while being evaluated by a nurse practitioner, Jeremy Hernandez Manriquez was diagnosed with a macrocephalic head.

RESPONSE:  That this Defendant denies Paragraph 16 for lack of information sufficient to form an opinion or belief.

17.     Jeremy Hernandez Manriquez's care was transferred to other physicians and on August 6, 2012 Jeremy Hernandez Manriquez underwent neuro surgery for hydrocephalus and had a shunt placed.

RESPONSE:  That this Defendant denies Paragraph 17 for lack of information sufficient to form an opinion or belief.

18.     Jeremy Hernandez Manriquez has been diagnosed with cerebral palsy, developmental delays, and other injuries associated with hydrocephalus.

RESPONSE:  That this Defendant denies Paragraph 18 for lack of information sufficient to form an opinion or belief.

4

19.     Because of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of their failure to recognize the signs of a macrocephalic infant and to properly monitor, treat and refer Jeremy Hernandez Manriquez, Jeremy Hernandez Manriquez and his parents have been damaged.

RESPONSE:  That this Defendant denies Paragraph 19 for lack of information sufficient to form an opinion or belief.

## NEGLIGENCE

20.     Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, owed a duty to Jeremy Hernandez Manriquez, Guadalupe Manriquez and Gerardo Hernandez Rivera to exercise that degree of reasonable care and skill exercised by like health care professionals and physicians in good standing under the same or similar circumstances.

RESPONSE:  That this Defendant denies Paragraph 20.

21.     The Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, were negligent, and deviated from the generally accepted standard of medical care in one or more of the following particulars:

        a. Failing to properly manage Guadalupe Manriquez during her prenatal period and to diagnose her fetus as being macrocephalic and/or hydrocephalic;

        b. Failing to recognize, after birth, that Jeremy Hernandez Manriquez was macrocephalic;

5

c.  Failing to measure Jeremy Hernandez Manriquez's head to determine whether or not he was macrocephalic;

d.  Failure to refer Jeremy Hernandez Manriquez to a specialist to treat his macrocephalic condition;  and

e.  Failure to use ordinary care;

RESPONSE:  That this Defendant denies Paragraph 21 and each subparagraph thereof.

22.    The negligence of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, was a proximate cause of the injuries sustained by Jeremy Hernandez Manriquez.

RESPONSE:  That this Defendant denies Paragraph 22.

23.    As a result of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, negligence and untimely diagnosis of a macrocephalic condition,  Jeremy Hernandez Manriquez has been damaged and suffers from cerebral palsy, seizures, and has in the past and will in the future suffer loss of function, mental and physical pain and suffering, inability to lead a normal life, loss of enjoyment of life, loss of income, loss of earning capacity and has in the past and will in the future be caused to incur expenses for doctors, nursing, hospitalization, physical therapy, drugs, medication and other treatment for his injuries.

RESPONSE:  That this Defendant denies Paragraph 23.

24.    Jeremy Hernandez Manriquez has been damaged in excess of the small claims jurisdictional amount.

RESPONSE:  That this Defendant denies Paragraph 24.

6

**WHEREFORE,** the Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition be dismissed, with costs taxed to Plaintiff.

## LOSS OF CONSORTIUM

COMES NOW the Defendant, Robert Roy Grant, M.D., and for his Answer states:

25.　　Plaintiff Guadalupe Manriquez re-pleads paragraphs 1 through 24 as if fully pled herein:

　　　　**RESPONSE:** The Defendant Robert Roy Grant, M.D., incorporates his Answers to Paragraphs 1 through 24 as though set forth herein in their entirety.

26.　　Plaintiff Guadalupe Manriquez is the mother of Plaintiff Jeremy Hernandez Manriquez.

　　　　**RESPONSE:** That this Defendant admits Paragraph 26.

27.　　As a direct and proximate cause result of the negligence of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and the injuries to her son Jeremy Hernandez Manriquez, Guadalupe Manriquez has suffered a loss of consortium of her son Jeremy Hernandez Manriquez.

　　　　**RESPONSE:** That this Defendant denies Paragraph 27.

28.　　Plaintiff Guadalupe Manriquez has been damaged by the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and is entitled to damages enumerated by the Code of Iowa and the Iowa Rules of Civil Procedure in such sums as will fully and fairly compensate her for her damages as permitted by law.

　　　　**RESPONSE:** That this Defendant denies Paragraph 28.

7

**WHEREFORE**, the Defendant, Robert Roy Grant, M.D. prays that Plaintiffs' Petition at Law be dismissed, costs taxed to Plaintiff.

COMES NOW the Defendant, Robert Roy Grant, M.D., and for his Answer states:

29.     Plaintiff Gerardo Hernandez Rivera re-pleads paragraphs 1 through 24 as if fully pled herein:

**RESPONSE:** That this Defendant incorporates his Answers to Paragraphs 1 through 24 as though set forth herein in their entirety.

30.     Plaintiff Gerardo Hernandez Rivera is the father of Plaintiff Jeremy Hernandez Manriquez.

**RESPONSE:** That this Defendant denies Paragraph 30 for lack of information sufficient to form an opinion or belief.

31.     As a direct and proximate cause result of the negligence of the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and the injuries to his son Jeremy Hernandez Manriquez, Gerardo Hernandez Rivera has suffered a loss of consortium of his son Jeremy Hernandez Manriquez.

**RESPONSE:** That this Defendant denies Paragraph 31.

32.     Plaintiff Gerardo Hernandez Rivera has been damaged by the Defendants, Robert Roy Grant, M.D. and Michael Andrew Dehner, M.D., and each of them, and is entitled to damages enumerated by the Code of Iowa and the Iowa Rules of Civil Procedure in such sums as will fully and fairly compensate him for his damages as permitted by law.

**RESPONSE:** That this Defendant denies Paragraph 32.

8

**WHEREFORE**, the Defendant, Robert Roy Grant, M.D., prays that Plaintiff's Petition be dismissed, costs taxed to Plaintiff.

## AFFIRMATIVE DEFENSES

### Affirmative Defense I

Defendant had no control over the physical frailties, allergies, predispositions, reactions, anomalies, underlying health problems or idiosyncrasies of Plaintiff, and Plaintiff's alleged injuries do not demonstrate a lack of due care on the part of this Defendant.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense II

None of the actions or inactions allegedly undertaken by this Defendant were a proximate cause of the injuries claimed by Plaintiffs in Plaintiffs' Petition at Law.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense III

Pursuant to the provisions of Iowa Code Section 147.136(2011), damages awarded to the Plaintiffs, if any, shall not include actual economic losses incurred by said Plaintiffs, and/or to be incurred in the future by said Plaintiffs, to the extent that such losses are replaced or indemnified, and/or will be replaced or indemnified, by insurance, governmental program(s), or other sources, except the personal assets of Plaintiffs.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

9

### Affirmative Defense IV

Pursuant to Iowa Code Section 668.13(2011) Plaintiffs may not recover prejudgment interest on future damages, if any.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense V

A proximate or sole proximate or superseding cause of Plaintiffs' damages, if any, was a pre-existing condition for which this Defendant is not responsible.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense VI

A proximate or sole proximate or superseding cause of Plaintiffs' damages, if any, was a subsequently occurring medical condition for which this Defendant is not responsible.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense VII

The fault of all parties should be compared pursuant to Iowa Chapter 668 (2011).

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

10

### Affirmative Defense VIII

Plaintiffs' Petition at Law fails to state a claim upon which any relief may be granted versus this Defendant.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense IX

This Defendant affirmatively states that any and all care and treatment he provided to Plaintiffs was in accord with accepted healthcare practice and the standard of care.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### Affirmative Defense X

Plaintiff's cause of action is barred by the application statute of limitations.

**WHEREFORE,** Defendant, Robert Roy Grant, M.D., prays that Plaintiffs' Petition at Law be dismissed at Plaintiffs' cost.

### JURY DEMAND

COMES NOW the Defendant, Robert Roy Grant, M.D., and demands that all the issues herein be tried by jury trial.

11

Joseph L. Fitzgibbons of          AT0002442
Fitzgibbons Law Firm, L.L.C.
108 North 7th Street
P.O. Box 496
Estherville, Iowa 51334-0496
Telephone:   712-362-7215
Facsimile:   712-362-3526
Email:       jfitz@fitzgibbonslawfirm.com
ATTORNEYS FOR DEFENDANT,
ROBERT ROY GRANT, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system (EDMS) which will send notification of such filing to the following:

Frederick W. James  (via email: frederick@jameslawfirm.com)

Joseph L. Fitzgibbons
Fitzgibbons Law Firm, L.L.C.
ATTORNEYS FOR DEFENDANT,
ROBERT ROY GRANT, M.D.

12

**Exhibit A**

**Page 21 of 34**

IN THE IOWA DISTRICT COURT IN AND FOR BUENA VISTA COUNTY

| | | |
|---|---|---|
| JEREMY HERNANDEZ MANRIQUEZ by his Next Friend and Mother GUADALUPE MANRIQUEZ,GUADALUPE MANRIQUEZ, Individually and GERARDO HERNANDEZ RIVERA, | : : : | Law No. LACV029319 |
| Plaintiffs, | : | |
| v. | : | **APPEARANCE OF ATTORNEY, JOSEPH L. FITZGIBBONS** |
| ROBERT ROY GRANT, M.D. and MICHAEL ANDREW DEHNER,M.D. | : : | |
| Defendants. | | |

**COMES NOW** Joseph L. Fitzgibbons of the Fitzgibbons Law Firm, L.L.C., Estherville, Iowa, and enters his Appearance herein on behalf of the Defendant, Robert Roy Grant, M.D.

Joseph L. Fitzgibbons of      AT0002442
Fitzgibbons Law Firm, L.L.C.
108 North 7th Street
P.O. Box 496
Estherville, Iowa 51334-0496
Telephone: 712-362-7215
Facsimile: 712-362-3526
Email: jfitz@fitzgibbonslawfirm.com
ATTORNEYS FOR DEFENDANT,
ROBERT ROY GRANT, M.D.

I

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system (EDMS) which will send notification of such filing to the following:

Frederick W. James  (via email: Frederick@jameslawfirm.com)

Joseph L. Fitzgibbons
Fitzgibbons Law Firm, L.L.C.
ATTORNEYS FOR DEFENDANT,
ROBERT ROY GRANT, M.D.

2

3D0002

IN THE IOWA DISTRICT COURT FOR BUENA VISTA COUNTY

JEREMEY HERNANDEZ MANRIQUEZ
GERARDO HERNANDEZ RIVERA
GUADALUPE MANRIQUEZ
,

Case No. 03111  LACV029319

Plaintiff/
Petitioner,

NOTIFICATION OF INDIVIDUAL
ASSIGNMENT OF JUDGE

vs.

ROBERT ROY GRANT
MICHAEL ANDREW DEHNER
,

Defendant/Respondent.

**YOU ARE HEREBY NOTIFIED THAT**:

   1.   **Judge Nancy L. Whittenburg** is designated as the judge to preside at all pretrial, trial, and post trial proceedings in this case or specific contested matter.  The court service day judge will hear the temporary hearings and contempts on assigned cases.  When the ruling on the assigned matter is final, the individual assignment ends.  All later requests for court action shall be given to the court service day judge.

   2.   The time, place, and manner of hearing on any motion, application, or other matters shall be determined after consultation by the court administrator and the assigned Judge or Court Administration if authorized by the trial judge to do so.

   3.   The County Clerk of Court  shall deliver copies of this order to self-represented litigants or counsel who are not registered filers **ONLY**.

12/05/2014

If you need assistance to participate in court due to a disability, call the disability coordinator at 712-279-6035.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

cc:



State of Iowa Courts

**Case Number**      **Case Title**
LACV029319           MANRIQUEZ, JEREMY HERNANDEZ ETAL VS GRANT MD,

                     ROBERT ROY ETA
**Type:**            OTHER ORDER

So Ordered

_____

Duane E. Hoffmeyer, Chief Judge,
Third Judicial District of Iowa

Electronically signed on 2014-12-05 15:43:53

3D0001

## IN THE IOWA DISTRICT COURT FOR BUENA VISTA COUNTY

| | |
|---|---|
| JEREMEY HERNANDEZ MANRIQUEZ<br>GERARDO HERNANDEZ RIVERA<br>GUADALUPE MANRIQUEZ<br><br><br>Petitioner/Plaintiff<br><br>VS.<br><br>ROBERT ROY GRANT<br>MICHAEL ANDREW DEHNER<br><br>_<br>Respondent/Defendant | 03111 LACV029319<br><br>NOTICE OF TRIAL SCHEDULING<br>CONFERENCE |

The above referenced case has been scheduled for a trial scheduling conference as indicated below.

**This conference will be held telephonically and will be initiated by the Plaintiff or Plaintiff's attorney (pursuant to Chief Judge Duane E. Hoffmeyer's Administrative Order 2009-2).**

**CASE COORIDNATOR PHONE NUMBER: Judy Martin-Alioth - 712-279-6028**

The Clerk of Court shall forward this notice to all counsel of record and parties appearing pro se. A trial date will be set during the scheduling conference. All participants are to be available or make arrangements to be represented at this conference.

**Telephonic Scheduling Conference: 01/06/15 10:00 AM**

Date: 12/05/14 BY: /s/ Judy Martin-Alioth

_____

Case Coordinator

**Exhibit A**

**Page 27 of 34**

It is the goal of all employees of the Third Judicial District to use physical and human resources efficiently, inspire confidence and trust in the court system and administer justice equally to all people.

If you need assistance to participate in court due to a disability, call the disability coordinator at 712-279-6035.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

3D0001

**IN THE IOWA DISTRICT COURT FOR BUENA VISTA COUNTY**

| | |
|---|---|
| JEREMEY HERNANDEZ MANRIQUEZ<br>GERARDO HERNANDEZ RIVERA<br>GUADALUPE MANRIQUEZ<br><br><br>  Petitioner/Plaintiff<br><br>  VS.<br><br>ROBERT ROY GRANT<br>MICHAEL ANDREW DEHNER<br><br><br>_<br>  Respondent/Defendant | 03111  LACV029319<br><br>NOTICE OF TRIAL SCHEDULING<br>CONFERENCE<br><br><br><br>***RESCHEDULED*** |

The above referenced case has been scheduled for a trial scheduling conference as indicated below.

**This conference will be held telephonically and will be initiated by the Plaintiff or Plaintiff's attorney (pursuant to Chief Judge Duane E. Hoffmeyer's Administrative Order 2009-2).**

**CASE COORIDNATOR PHONE NUMBER: Judy Martin-Alioth - 712-279-6028**

The Clerk of Court shall forward this notice to all counsel of record and parties appearing pro se.  A trial date will be set during the scheduling conference.   All participants are to be available or make arrangements to be represented at this conference.

**Telephonic Scheduling Conference:    03/03/15    09:00 AM**

Date:  01/06/15                                    BY: /s/ Judy Martin-Alioth

                                                 _____
                                                 Case Coordinator

It is the goal of all employees of the Third Judicial District to use physical and human resources efficiently, inspire confidence and trust in the court system and administer justice equally to all people.

If you need assistance to participate in court due to a disability, call the disability coordinator at 712-279-6035.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

## IOWA DISTRICT COURT FOR BUENA VISTA COUNTY

| | |
|---|---|
| JEREMEY HERNANDEZ MANRIQUEZ<br>GERARDO HERNANDEZ RIVERA<br>GUADALUPE MANRIQUEZ<br><br><br>      Plaintiff(s),<br><br>  vs.<br><br>ROBERT ROY GRANT<br>MICHAEL ANDREW DEHNER<br><br><br>     Defendant(s). | **TRIAL SCHEDULING ORDER**<br><br>Case No : 03111  LACV029319<br><br>Date Petition Filed : 08/01/14<br><br>Case Type : Civil<br><br>Trial Type : Jury<br><br>Expected Length of Trial : 10 DAYS<br><br>The amount in controversy exceeds $10,000 : |

**APPEARANCES:**
Plaintiff(s)/Petitioner(s) :

FREDERICK WILLIAM JAMES
Others:

Defendant(s)/Respondent(s) :

JOSEPH LEO FITZGIBBONS
Others:

**IT IS SO ORDERED:**

**TRIAL :  Jury Trial is scheduled on 07/12/2016 at 9:30 AM at the Buena Vista Co Courthouse, 215 E. 5th St, Storm Lake, IA.**

**PRE-TRIAL CONFERENCE (Check one)**

**Exhibit A**
**Page 31 of 34**

☐  A pre-trial conference shall be held on   The conference may be held telephonically with prior approval of the court.

☑  A pre-trial conference shall be held upon request.

**NEW PARTIES.**  No new parties may be added later than 180 days before trial or **01/08/2016**.

**TRANSCRIPTS AND RECORDS.**  All required agency records and prior criminal transcripts shall be filed within 30 days of the date of this order or by **04/03/2015**.

**PLEADINGS.**  Pleadings shall be closed 60 days before trial or **05/13/2016**.

**DISCOVERY**.  All written discovery shall be served no later than 90 days before trial.  All depositions shall be completed no later than 60 days before trial.  Or, all discovery shall be completed by **06/10/2016**.

**EXPERT WITNESS.**
a.    A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise and qualifications, within the following time period, unless the Iowa Code requires an earlier designation (See, e.g. Iowa Code 668.11):

(1)  Plaintiff: 210 days before trial or **12/11/2015**.
(2)  Defendant/Third Party Plaintiff:  150 days before trial or **02/12/2016**.
(3)  Third-Party Defendant/Others/Rebuttal:  90 days before trial or **04/15/2015**.

b.    This section does not apply to court appointed experts.

**(The deadlines listed in paragraphs "5", "6", and "7" may be amended, without further leave of court, by filing a Stipulated Amendment to Scheduling Order with the clerk listing the dates agreed upon and signed by all counsel and self-represented litigants.  Such an Amendment shall not serve as a basis for a continuance of the trial date or affect the date for pre-trial submissions.)**

**PRE-TRIAL SUBMISSIONS.**  At least **<u>seven (7) days before trial</u>**, counsel for the parties and self-represented litigants shall:

a.    File a **witness and exhibit list** with the clerk, serve a copy on opposing counsel and self-represented litigants and exchange exhibits.  Rules governing exhibits and exhibit lists:
(1)    Plaintiff shall use numbers and Defendant shall use letters.  Pre-trial exhibit lists shall identify each exhibit by letter or number and description.  Exhibits shall be marked by counsel before trial.
(2)    Immediately before commencement of trial, the court shall be provided with a bench copy, and the reporter with a second copy, of the final exhibit list, for use in recording the admission of evidence.
(3)    In non-jury cases, immediately before commencement of trial, the court shall be provided with a bench copy of all exhibits identified on the exhibit lists.
(4)    Within 5 days after the filing of an exhibit list, counsel and self-represented litigants shall file with the clerk, and serve on each party, any identification, authentication, and foundation objections to the exhibits listed; otherwise such objections shall be deem **WAIVED** for trial purposes.

b.   File with the clerk, and deliver to the Trial Judge, **Motions in Limine**, with supporting legal authority.

c.   File with the clerk, and deliver to the Trial Judge, all **proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers and verdict forms.  (The court shall be provided the instructions in written form and by either E-mail attachment; USB Thumb drive download; or on a CD-ROM with MS Word compatible format.)

d.   Deliver to the Trial Judge and opposing counsel/self-represented litigants a concise **trial brief** addressing factual, legal and evidentiary issues, with a citation to legal authorities.

**MOTIONS.**  All motions, including motions for summary judgment and except motions in limine, shall be filed with the clerk of court's office at least 60 days before trial, with copies to the assigned judge.

**SETTLEMENT CONFERENCE. (Check one)**
☑ A settlement conference shall be held on **07/06/2016@1:30 PM**.  All parties with authority to settle must be present.
☐ A settlement conference may be held upon request.

**SETTLEMENTS.**  The parties shall have the responsibility of immediately notifying the court administrator of settlement.

**LATE SETTLEMENT FEES.**  Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

**CONTINUANCES.**  Continuances are discouraged and shall only be granted for good cause.  Motions to continue are governed by Iowa Rule of Civil Procedure 1.910.  In the event the trial date is continued, all time deadlines in this order and stipulated amendments shall remain in effect relative to the new trial date unless the court approves new deadlines.

**NOTICE.  A failure to comply with any of the provisions of this order or an amendment to scheduling order may result in sanctions being imposed by the court pursuant to Iowa Rule of Civil Procedure 1.602(5) including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees.  The original of this order shall be filed at the time the trial date is obtained.  The court shall resolve disputes regarding oral agreements on scheduling by reference to this scheduling order or any written amendments to this order.**

If you need assistance to participate in court due to a disability, call the disability coordinator at 712-279-6035.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

Dated : 03/03/15

Original filed with the Clerk of Court
Copies to: counsel of record/self-represented litigants/
           assigned judge.

**Exhibit A**
**Page 33 of 34**



State of Iowa Courts

**Case Number**      **Case Title**
LACV029319          MANRIQUEZ, JEREMY HERNANDEZ ETAL VS GRANT MD,
                    ROBERT ROY ETA
**Type:**            ORDER SETTING TRIAL

So Ordered

Duane E. Hoffmeyer, Chief Judge,
Third Judicial District of Iowa

Electronically signed on 2015-03-03 09:11:44