# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| J.H.M., by his Next Friend and Mother, GUADALUPE MANRIQUEZ, GUADALUPE MANRIQUEZ, Individually, and GERARDO HERNANDEZ RIVERA,<br><br>    Plaintiffs,<br>vs.<br><br>ROBERT ROY GRANT, M.D., and the UNITED STATES OF AMERICA,<br><br>    Defendants. | No. C 15-4018-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE MOTION TO DISMISS BY THE UNITED STATES** |

_____

This medical malpractice action was removed to this federal court by the United States, on behalf of an original defendant, Dr. Michael A Dehner. The United States represented that Dr. Dehner was deemed to be a federal employee, because of his employment by United Community Health Center. The United States represented that United Community Health Center was, in turn, a facility that the United States Secretary of Health and Human Services had deemed a federally supported health center eligible for Federal Tort Claims Act (FTCA) coverage pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(g)-(n). By Order (docket no. 7), filed April 2, 2015, United States Magistrate Judge Leonard T. Strand granted a motion to substitute the United States for Dr. Dehner as a defendant in this action.

On March 18, 2015, the United States filed the Motion To Dismiss (docket no. 6) now before me. In its Motion To Dismiss, the United States asserts that this action should be dismissed, in its entirety, for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure. The United States argues that the plaintiffs have failed to exhaust administrative remedies against the United States, now pending before the United States Department of Health and Human Services, in accordance with 28 U.S.C. § 2675(a). On March 3, 2015, the plaintiffs filed their Response To Defendant United States' Motion To Dismiss (docket no. 8), in which they consented to the Motion To Dismiss, but requested that their action be dismissed without prejudice, to allow reassertion of claims, if necessary, upon the conclusion of the administrative process.

I find that this court lacks subject matter jurisdiction over the plaintiffs' claims against the United States, so that this action should be dismissed in its entirety. I also find that good cause exists for dismissing the plaintiffs' claims, in their entirety, without prejudice.

THEREFORE, the March 18, 2015, Motion To Dismiss (docket no. 6), filed by the United States, is **granted**, and this action is **dismissed, in its entirety, without prejudice**.

**IT IS SO ORDERED**.

**DATED** this 8th day of April, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA